# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANCE WHITE, # R-62757, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1212-MJR |
| | ) |
| S.A. GODINEZ, MARC HODGE, | ) |
| C/O BAYLOR, and C/O GIVENS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a four-year sentence for possession of stolen vehicle parts, and a three-year sentence for bribery. Plaintiff claims that he has been subjected to cruel and unusual punishment in the form of ongoing sexual harassment and threats, and that he has experienced retaliation for complaining about the harassment.

More specifically, Plaintiff claims that in July 2013, Defendant C/O Baylor called Plaintiff out of his cell into a hallway. While Defendant C/O Givens and several inmate janitors listened, Defendant Baylor addressed Plaintiff over the intercom, calling him a "faggot," "Geechie," and other derogatory names describing homosexuals (Doc. 1, pp. 3-4). Plaintiff asked to be allowed to go back to his cell, but Defendant Baylor asked Plaintiff if he wanted to "suck his dick," followed by other sexually explicit questions regarding Plaintiff's preferred sexual practices and whether he liked white or black partners. Defendant Baylor finally told Plaintiff that if he didn't want to "suck dick" he could go back to his wing. During this

exchange, Defendant Givens and the inmate janitors laughed, teased, and taunted Plaintiff. Over the next several days, Defendants Baylor and Givens continued to harass and sexually proposition Plaintiff on multiple occasions, in the presence of other inmates (Doc. 1, p. 4).

Plaintiff called the PREA (Prison Rape Elimination Act) Hotline to report the intercom-harassment incident the same day it happened, and submitted a written grievance. As a result, Plaintiff was interviewed by Internal Affairs Lieutenant Stafford and Defendant Hodge (the warden). He told them about the initial incident as well as the continuing harassment, expressed his fear for his safety if he continued to be housed in the unit where Defendants Givens and Baylor worked after they were made aware of his complaint, and asked Defendant Hodge to move him to a different housing unit (Doc. 1, p. 5). Defendant Hodge refused to move Plaintiff, and told him not to "push the issue" because he would make himself a "big target." *Id*.

After the meeting at Internal Affairs, the harassment by Defendants Baylor and Givens continued and escalated into threats of harm. Defendant Baylor threatened and "verbally assaulted" Plaintiff on a regular basis during movement lines and other times when they were around each other. Defendant Givens threatened to "get Plaintiff back," "get his ass beat," and to send Plaintiff to segregation (Doc. 1, p. 5). None of these threats were carried out, but Defendant Givens did deny Plaintiff access to the showers and phones on multiple occasions, when Plaintiff should have been allowed these privileges. Plaintiff complained about the denial of showers and telephone, and again contacted the PREA hotline to report the retaliation, but has obtained no relief.

Plaintiff seeks an injunction ordering Defendants Baylor and Givens to cease their harassment and threats, and ordering his transfer to another prison. He also seeks compensatory and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Baylor and Givens for subjecting him to sexual harassment, and against Defendant Hodge for permitting the harassment to continue after Plaintiff requested him to intercede **(Count 1)**. An inmate's claims that he is being harassed by prison officials may be actionable when done maliciously. *Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (calculated harassment without penological justification may raise Eighth amendment claim). Moreover, the public and sexual nature of the verbal harassment may place Plaintiff at risk of assault by other inmates.

Further, he has stated a cognizable retaliation claim against Defendant Givens for the denial of privileges after Plaintiff lodged a complaint against him **(Count 2)**.

However, Plaintiff fails to state a claim upon which relief may be granted against Defendant Godinez, and he shall be dismissed from the action. The complaint does not indicate that Defendant Godinez had any personal involvement either in the harassment directed at Plaintiff, or in the decision to keep him housed in the unit where he could continue to be the target of harassment by Defendants Baylor and Givens. Defendant Godinez' position as corrections director does not impose liability on him, because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Nor does it appear at this stage that he is a necessary party to carry out any injunctive relief to which Plaintiff might be entitled. Accordingly, Defendant Godinez shall

be dismissed from the action without prejudice.

**Pending Motions**

Plaintiff has filed two motions seeking injunctive relief (Docs. 2 & 3), and on December 9, 2013, filed a motion for a temporary restraining order ("TRO") (Doc. 7), indicating that the threats from Defendants Baylor and Givens are continuing. These motions shall be referred to a United States Magistrate Judge for further consideration as soon as practicable.

Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 4) shall be addressed by the undersigned Judge in a separate order. Plaintiff is **REMINDED** that he must submit his prison trust fund statements as directed in the order at Doc. 6, no later than January 10, 2014, in order to avoid dismissal of this action.

**Disposition**

Defendant **GODINEZ** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **HODGE, BAYLOR,** and **GIVENS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motions for TRO and injunctive relief (Docs. 2, 3, and 7).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 12, 2013**

s/ MICHAEL J. REAGAN
United States District Judge