IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| VANCE WHITE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:13-cv-1212-MJR-DGW |
| MARC HODGE, C/O BAYLOR, and C/O GIVENS, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Michael J. Reagan pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction (Doc. 2), the Motion for Order of Injunctive Relief (Doc. 3), and the Motion for a Temporary Restraining Order (Doc. 7), filed by Plaintiff, Vance White on November 22, 2013, and December 9, 2013, respectively. For the reasons set forth below, it is **RECOMMENDED** that the Motion for Preliminary Injunction (Doc. 2), the Motion for Order of Injunctive Relief (Doc. 3), and the Motion for a Temporary Restraining Order (Doc. 7) be **DENIED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

In a December 12, 2013 screening Order, Plaintiff's Complaint was construed to allege that he is being subjected to ongoing sexual harassment and retaliation by Defendants Givens and Baylor, correctional officers at Lawrence Correctional Center (Doc. 8). Plaintiff alleges that

these Defendants harass him by calling him various derogatory names describing homosexuals and by making sexually explicit comments and requests. The harassment began in July, 2013 and the retaliation started after Plaintiff complained about the harassment through the Prison Rape Elimination Act Hotline ("PREA"). Plaintiff seeks equitable relief and damages.

In the pending motions for immediate injunctive relief, Plaintiff claims that since he reported the sexual harassment that occurred in July, 2013, he has "been threatened, constantly shaken down, searched and harassed, Plaintiff has, and still is, called 'Ms. White,' 'lady,' and 'faggot' by multiple officer, notably Defendant Givens" (Doc. 2, p. 1). Plaintiff states that he fears for his safety due to the constant threats and harassment. In the Motion for a Temporary Restraining Order, Plaintiff further states that on November 22, 2013, he was accosted and threatened by Defendant Baylor (Doc. 7). Specifically, Baylor called Plaintiff a "faggot" and stated: "I'm still going to get you. You didn't get away with nothing." (Doc. 7, p. 2) Plaintiff states that another inmate, Robert Barnett, witnessed the threats. Plaintiff submitted an emergency grievance on November 23, 2013 (to which there was no response), and after he informed internal affairs, they did nothing other than tell him to refuse housing and be placed in segregation. Plaintiff states that he feared for his life to such a degree that he called the crisis team and was placed on suicide watch in segregation. In each motion, Plaintiff seeks a TRO that would order Defendants Baylor and Hodge to cease their threats, that would mandate that he be kept separate from them, and that would compel them to stay at least 100 feet from him.

On December 20, 2013, a hearing was held on Plaintiff's requests for immediate injunctive relief. At the hearing, Defendants were specially represented by Attorneys Adam Lipetz and

Christopher Higgerson, Assistant Attorney Generals,[1] and Plaintiff appeared by videoconference. Plaintiff testified that he was sexually harassed in July, 2013 by Defendant Baylor and that Defendant Givens urged on the harassment. Plaintiff testified that after this harassment he called the PREA hotlines to complain and that an investigation yielded no results in his favor (such as a transfer to a different housing unit or removal of Baylor and Givens). Indeed, Plaintiff testified that Warden Hodge told him to "drop" the matter. Thereafter, Plaintiff testified that he was subjected to an unspecified number of threats and harassment. When questioned, Plaintiff specifically stated that on November 22, 2013, Baylor twice approached him while he was in the "chow" line, called Plaintiff a "faggot," and said words to the effect that Plaintiff was going to get what is coming to him at the right time. Givens did not threaten Plaintiff but thereafter refused to allow Plaintiff privileges like showers and phone usage. Plaintiff subsequently was transferred to Statesville Correctional Center on December 11, 2013 on a temporary Court Writ and has had no contact with Defendants since that time. He indicates that he should be returned to Lawrence CC, most likely on January 8, 2014.

Lieutenant Brian Stafford, the Internal Affairs Supervisor at Lawrence CC, also testified. He was the lead investigator of Plaintiff's complaints made on the PREA hotline. Lieutenant Stafford testified that he received a different version of events from Baylor and that Plaintiff's claims could not be substantiated. He further testified that Plaintiff called the PREA hotline again on August 10, 2013 complaining about retaliation and that Plaintiff was moved on August 14, 2013. The witness was unaware of any threats being made against Plaintiff. Finally, Lieutenant

---

[1] Defendants have not been served with summons and the Complaint. However, by giving Defendants notice and holding a hearing, this Court necessarily has construed Plaintiff's motions as seeking a preliminary injunction. *See e.g. Geneva Assurance Syndicate, Inc. v. Medial Emergency Services Assoc.*, 964 F.2d 599 (7th Cir. 1992).

Stafford testified that Baylor was transferred to Pontiac CC on December 1, 2013 and that while Givens still works a Lawrence, the work location of correctional officers at Lawrence are rotated every 90 days.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the

4

parties or their agents.

Correctional Officer Baylor no longer is working at Lawrence CC. As such, the claim for immediate prospective injunctive relief against him is moot. With respect to Correctional Officer Givens, Plaintiff has not shown that he will suffer irreparable harm absent an injunction. By Plaintiff's own testimony, Officer Givens did not initiate any harassment, did not threaten Plaintiff, and, while he may have engaged in some retaliatory acts, none of which appear to have caused Plaintiff any irreparable harm. Plaintiff also suffered no harassment or retaliatory acts immediately prior to the hearing and, in light of the rotation of work locations, will most likely not be housed in the same location as Officer Givens' duty station. Plaintiff therefore is not entitled to such an extraordinary remedy of a temporary restraining order or a preliminary injunction.

As to whether Plaintiff is entitled to some injunctive relief at the conclusion of this lawsuit, this Court cannot recommend that such a claim be denied with prejudice. At this stage, it is unclear whether Plaintiff will be entitled to relief or whether Defendants have violated the Constitution. Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters,* 111 F.3d 1364, 1375 (7th Cir.1997); *Kincaid v. Vail,* 969 F.2d 594, 602 (7th Cir.1992). In some circumstances, however, a threat may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.,* 574 F.3d 443, 445 (7th Cir.2009). Courts must apply an objective standard to determine whether a particular threat, given all the circumstances, may amount to a constitutional violation. *Dobbey,* 574 F.3d at 445. The relevant inquiry is whether a "reasonable" victim would fear for his or her life as a result of the threat; not whether this plaintiff experienced actual fear. *Id.* (citing *Farmer v. Brennan,* 511 U.S.

825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Collins v. Seeman,* 462 F.3d 757, 760 (7th Cir.2006)).

Plaintiff alleges that he suffered on-going sexual harassment, that he has been issued unspecified threats of future harm, and that he has suffered various forms of retaliation as a result of his complaints. While there is no evidence that Plaintiff will suffer immediate and irreparable harm that would warrant immediate Court action, Plaintiff's claims have more than a negligible chance of success. As such, Plaintiff's claim for general injunctive relief should be addressed on the merits after discovery.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Civil Procedure 72(b), the Motion for Preliminary Injunction (Doc. 2), the Motion for Order of Injunctive Relief (Doc. 3), and the Motion for a Temporary Restraining Order (Doc. 7), filed by Plaintiff, Vance White on November 22, 2013, and December 9, 2013, respectively be **DENIED WITH PREJUDICE** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 23, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**