IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANCE WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-CV-1212–MJR- DGW ) |
| MARC HODGE, C/O BAYLOR, and C/O GIVENS, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 23), recommending that the Motion for Preliminary Injunction (Doc. 2), the Motion for Order of Injunctive Relief (Doc. 3), and the Motion for Temporary Restraining Order (Doc. 7) be denied with prejudice. The Report and Recommendation was entered on August 12, 2013. Plaintiff filed his objection to the Report and Recommendation on January 13, 2014 (Doc. 31).

Plaintiff Vance White, currently an inmate at Lawrence Correctional Center, filed

this *pro se* civil rights action pursuant to 42 U.S.C. §1983 against the above mentioned defendants, alleging sexual harassment and retaliation, which survived threshold review (Doc. 8). Plaintiff asserts that Defendants harass him by calling him derogatory names describing homosexuals and by making sexually explicit comments and requests.

In November and December of 2013, Plaintiff filed his Motion for Preliminary Injunction (Doc. 2), Motion for Order of Injunctive Relief (Doc. 3) and Motion for Temporary Restraining Order (Doc. 7). Magistrate Judge Donald Wilkerson held an evidentiary hearing on these motions on December 20, 2013.

At the evidentiary hearing, Plaintiff testified that he was sexually harassed in July of 2013 by Defendant Baylor and that Defendant Givens urged on the harassment. Plaintiff subsequently called the PREA hotline to complain about these instances of harassment and an investigation yielded unfavorable results (specifically, Plaintiff wished to be transferred to a different housing unit or that Baylor or Givens be removed from Plaintiff's housing unit). Plaintiff testified that Warden Hodge told Plaintiff to "drop" the matter. Plaintiff then testified that he was subjected to an unspecified number of threats and harassment. For example, on November 22, 2013, Defendant Baylor twice approached Plaintiff while Plaintiff was in the "chow" line and called him a "faggot," and told Plaintiff that he was going to get what was coming to him at the right time. Defendant Givens then refused to allow Plaintiff privileges such as showers and phone usage. Plaintiff was then transferred to Statesville Correctional Center on December 11, 2013 on a temporary Court Writ and indicated to Judge Wilkerson that he

had no contact with Defendants since that time.

Lieutenant Brian Stafford, the Internal Affairs Supervisor at Lawrence CC, testified at the hearing that he was the lead investigator of Plaintiff's complaints made on the PREA hotline. Lieutenant Stafford testified that he received a different version of events from Defendant Baylor and Plaintiff's version of events could not be substantiated. Further, Lieutenant Stafford testified that Defendant Baylor was transferred to Pontiac CC on December 1, 2013, and that, while Defendant Givens still works at Lawrence CC, the work location of correctional officers at Lawrence CC are rotated every 90 days.

Based the evidence presented at the hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 23). The Report and Recommendation accurately states the nature of the evidence presented by both sides.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

In Plaintiff's objection to the Report and Recommendation, he essentially reiterates the same arguments made in his motions for immediate injunctive relief (Docs. 31, 2, 3, 7). For example, Plaintiff asserts that he has already "expressed to the Court that once he filed his Complaint, he has been accosted by multiple officers… being roughly searched and shaken down, being called "Ms. White" and derogatory names in front of other inmates…" (Doc. 31, p. 2). Plaintiff also asserts that he has "clearly identified a possible threat to the Court that could produce irreparable harm . . ." (*Id*.) and reiterates his request to be transferred to a different facility.

It appears to the Court from the docket sheet that Plaintiff has returned to Lawrence Correctional Center. It is clear from the evidence that Defendant Baylor is no longer working at Lawrence Correctional Center. Further, the Court agrees with Magistrate Judge Wilkerson that, while Defendant Givens may have engaged in some retaliatory acts against Plaintiff, none of these acts appear to have caused Plaintiff any irreparable harm. The Court also agrees with Magistrate Judge Wilkerson's assessment that, due to the rotation of work locations, Plaintiff will most likely not be housed in the same location as Defendant Givens' duty station. Overall, Plaintiff is not entitled to such an extraordinary remedy of a temporary restraining order or a preliminary injunction and his objection sets forth no new evidence that would entitle him to such relief.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 23). Plaintiff's request for immediate injunctive relief as set

forth in his Motion for Preliminary Injunction (Doc. 2), Motion for Order of Injunctive Relief (Doc. 3), and the Motion for Temporary Restraining Order (Doc. 7) are **DENIED with prejudice**.[1]

IT IS SO ORDERED.

DATED:   February 13, 2014

                                              s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge

---

[1] As explained by Magistrate Judge Wilkerson in his Report & Recommendation, to the extent that Plaintiff seeks general injunctive relief as set forth in his Complaint, this claim will go forward.