IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANCE WHITE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARC HODGE, C/O BAYLOR, C/O ) <br> GIVENS, ) <br> ) <br> Defendants. ) | Case No. 3:13-cv-1212-NJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Summary Judgment filed by Plaintiff on April 7, 2014 (Doc. 52), the Motion for Leave to File Supplemental Complaint filed by Plaintiff on April 21, 2014 (Doc. 54), the Motion for Summary Judgment filed by Defendants on May 12, 2014 (Doc. 55), the Motion for Extension of Time filed by Plaintiff on June 11, 2014 (Doc. 63), the "Demand for Judgment" (construed as a Motion for Ruling) filed by Plaintiff on June 11, 2014 (Doc. 64) and the Motion for a Preliminary Injunction/TRO filed by Plaintiff on June 20 2014 (Doc. 65). For the Reasons set forth below, the Motions for Summary Judgment (Docs. 52 and 55) are **TAKEN UNDER ADVISEMENT**, The Motion for Leave to File Supplement Complaint (Doc. 54) is **GRANTED**, the Motion for Extension of Time (Doc. 63) is **GRANTED**, the Motion for Ruling (Doc. 64) is **DENIED AS MOOT**, and the Motion for Preliminary Injunction/TRO (Doc. 65) is **TAKEN UNDER ADVISEMENT**.

Plaintiff indicates that he has not received a copy of Defendant's Motion for Summary Judgment, which was filed on May 12, 2014. Plaintiff also states that he has not been receiving

Page **1** of **4**

documents filed in this case.  Plaintiff has, however, filed a response and memorandum in opposition to the Motion for Summary Judgment on June 27, 2014.  The Court assumes, then, that Plaintiff did, in fact, receive a copy of Defendants motion.  The Clerk of Court is nonetheless **DIRECTED** to mail to Plaintiff, along with a copy of this Order, the docket sheet in this matter.  Copies of documents filed in this case will be mailed to Plaintiff upon the pre-payment of copying fees.  Plaintiff should contact the Clerk's Office to request copies of documents he has not received, should inquire as to the cost of such copies, and should pre-pay the required copying fee.

As indicated in a previous Order (Doc. 60), this Court stayed Defendants' response deadline to Plaintiff's Motion for Summary Judgment (Doc. 52) pending a ruling on Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 55).  Plaintiff's demand for a ruling on his Motion for Summary Judgment (Doc. 64) is unnecessary.  Plaintiff already has filed a response to the Motion for Summary Judgment.  As previously set by the Court, a hearing on Defendants' Motion for Summary Judgment is set for **August 12, 2014 at 2:00 p.m.**  At that time, the Court will also take up the issue of Plaintiff's Motion for Preliminary Injunction/TRO (Doc. 65).

In this matter, Plaintiff is proceeding on two Counts:  Count 1 alleges an Eighth Amendment claim of sexual harassment against Defendants Baylor and Givens and Count 2 alleges a retaliation claim against Defendant Givens for retaliating against him for filing a complaint against him.  The events giving rise to the allegations in the Complaint occurred in July, 2013.  Plaintiff seeks to file a supplemental complaint, pursuant to Federal Rule of Civil Procedure 15(d), and assert additional instances of harassment by Defendant Baylor occurring on November 22, 2013, the day the Complaint in this matter was filed.  Plaintiff states that on that day, Defendant Baylor made statements that were threatening in retaliation for the lawsuit Plaintiff

2

had filed. Thus, Plaintiff seeks to add an additional Count, Count 3, that Defendant Baylor retaliated against him for filing a lawsuit on November 22, 2013.

Rule 15(d) permits the expansion of the pleadings to include claims, related to original events, that accrued after the original complaint was filed. "[T]here is no absolute right to expand the case in this way; the district court has substantial discretion either to permit or to deny such a motion." *Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 357 (7th Cir. 2011). Factors to consider in determining whether a complaint may be supplemented include "the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it." G*latt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). In this case, the supplemental pleading does not appear to be an attempt to protract litigation, there may be some merit to the claim (that is, Plaintiff states a claim), this litigation is only at the initial stages, and the burden on Defendants to defend this new claim is not onerous. Therefore, there does not appear to be any prejudice occasioned by allowing the supplemental pleading. The Court notes that Defendants have failed to respond to this Motion, thereby admitting to the merits of the Motion. *See* Local Rule 7.1(b).[1]

Pursuant to 28 U.S.C. § 1915A, this Court is required to determine whether the additional claim is frivolous, malicious, or fails to state a claim. In his supplemental complaint Plaintiff

---

[1] In the context of prisoner litigation, Plaintiff must exhaust his administrative remedies prior to filing an *action*. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In practical terms, this means that "[t]he statue makes exhaustion a 'precondition to suit' and requires dismissal if the prisoner failed to satisfy that condition." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) (citing *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-535 (7th Cir. 1999). In the context of an amended pleading (or indeed a supplemental pleading), Plaintiff need only exhaust the additional claim prior to filing the amended pleading. *Id.* at 678. Plaintiff in this case asserted that the filed a grievance on November 23, 2013 but that he received no response.

states that on November 22, 2013, Defendant Baylor made the following statements: "Faggot, I'm still going to get you.   You didn't get away with nothing" and "You thought you done something, you ain't did shit.   I'm going to wait for the right time to get you back faggot."   These statements were allegedly made by a Defendant who Plaintiff alleges publicly sexually harassed him over a number of days in April, 2013; and who then threatened him regularly after he made complaints at the prison.   Thus Plaintiff has identified a protected activity, the filing of the original complaint, and the acts of retaliation, the verbal threats.   *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).   This claim shall be designated as **Count 3**.

    The Clerk is **DIRECTED** to file the supplemental pleading forthwith.   Defendants shall file a responsive pleading to the Supplement by July 11, 2014 and shall file any supplement to their motion for summary judgment on exhaustion (not to exceed 5 pages) by July 11, 2014.   Plaintiff may also file a response to Defendants' supplement by July 28, 2014 (also not to exceed 5 pages).

**IT IS SO ORDERED.**

**DATED: June 30, 2014**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**