IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VANCE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1212-NJR-DGW |
| | ) | |
| MARC HODGE, JEREMY GIVENS, and | ) | |
| DUSTIN BAYLER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants[1] on May 12, 2014 (Doc. 55) be **GRANTED IN PART AND DENIED IN PART** and that the Court adopt the following findings of fact and conclusions of law.

## INTRODUCTION

When Plaintiff was housed at the Lawrence Correctional Center in July, 2013, he alleges that he was subjected to ongoing sexual harassment and threats from two correctional officers,

---

[1] The Clerk of Court should be directed to change the docket sheet in this matter to reflect the true spelling of Defendants' names as noted in the caption above and Defendants' Answer (Doc. 47).

Jeremy Givens and Dustin Bayler.  Plaintiff claims that they called him derogatory names, asked sexually explicit question, and otherwise laughed at and taunted him for several days in front of other inmates.  Plaintiff claims that he called the Prison Rape Elimination Act (PREA) hotline, complained to internal affairs officers, and asked Defendant Hodge (the Warden) to move him. That request was denied and the harassment escalated to threats of violence.  Plaintiff never was subjected to any violent act; however, he was denied access to phone calls and the shower in retaliation for his complaints.  Plaintiff then supplemented his Complaint to add an additional claim that Defendant Bayler harassed and retaliated against him for filing this lawsuit (Doc. 69).

Plaintiff is proceeding on three counts in his matter: Count 1 alleges an Eighth Amendment claim of sexual harassment against Defendants Bayler and Givens and Hodge for permitting the harassment to continue; Count 2 alleges a retaliation claim against Defendant Givens for retaliating against him for filing a complaint against him; and, Count 3 alleges a retaliation claim against Defendant Bayler for retaliating against him for filing this lawsuit (Doc. 68).  The events giving rise to the first two Counts in the Complaint began in July, 2013. Plaintiff filed his lawsuit on November 22, 2013.

Defendants filed the Motion for Summary Judgment on the Issue of Exhaustion on May 12, 2014 (Doc. 55).  Plaintiff filed a response on June 27, 2014 (Docs. 66 and 67).  Thereafter, Plaintiff filed a Supplemental Complaint (Doc. 69), adding Count 3.  Defendants and Plaintiff were permitted to supplement their Motion and response as to exhaustion, respectively (Doc. 68). Defendants failed to file a supplement by the deadline; however, Plaintiff filed an additional affidavit on July 24, 2014 (Doc. 77).  Defendants, however, were permitted to file a late supplement, which they filed on August 13, 2014 (Doc. 89).  Plaintiff did not file a response by the September 2, 2014 deadline (Doc. 85).

This matter subsequently was stayed because Plaintiff was transferred to the Federal Bureau of Prisons on an unrelated matter (Doc. 94).  The stay was recently lifted, on November 30, 2015, and this matter is now before the Court on the issue of exhaustion.  A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was held on December 10, 2015.

## FINDINGS OF FACT

It is undisputed that Plaintiff submitted a grievance dated August 4, 2013 to his counselor concerning sexual harassment by Defendant Bayler while Defendant Givens was present (Doc. 33, pp. 4-5).[2]  Plaintiff's counselor responded on January 13, 2014, 5 months later.  There is no indication in the record that Plaintiff appealed the grievance to the grievance officer or to the Administrative Review Board (ARB).  At the hearing, Defendant argued that a response to this grievance was not willfully withheld and that Plaintiff's counselor's (T. Kittle's) workload prevented a quicker response.   There was no specific evidence presented to support this argument.   However, Defendants presented the testimony of Jeffrey Strubhart, a current grievance officer who also was a correctional counselor.  Mr. Strubhart testified that counselors receive about ten grievances per day per housing unit and that, during the relevant time period, Counselor Kittle was the correctional counselor for two housing units.  Mr. Strubhart further testified that when a grievance is received it may take time to gather information and investigate the grievance; however, most grievances are responded to within a week to ten days and, on average, within a month.

Plaintiff also submitted an emergency grievance dated November 11, 2013 which states that once Defendant Bayler heard of his complaints to internal affairs, he and other officers

---

[2] The grievance states, specifically, that Plaintiff was harassed for the first time on August 4, 2013.  The Complaint, however, states that the harassment began in July 2013 and continued for a number of days.

began harassing and threatening Plaintiff (Doc. 51, pp. 10-11).[3]  Emergency review of the grievance was denied on November 13, 2013.  There is no indication in the record that Plaintiff appealed this decision to the ARB.  At the hearing, Plaintiff testified that once an emergency grievance is deemed to be not an emergency, the Administrative Code provides no further guidance of what to do.  As indicated above, Plaintiff filed suit on November 22, 2013.

Plaintiff filed a Supplemental Complaint on June 30, 2014 (Doc. 69) adding an additional claim of retaliation against Defendant Bayler that occurred on the day he filed the Complaint in this matter (November 22, 2013).  Defendants have indicated that the same arguments apply to this new claim, namely that Plaintiff failed to submit a grievance to the ARB related to this claim (Doc. 89).  In his supplement, Plaintiff states that he submitted an emergency grievance on November 23, 2013 and that he did not receive a response (Doc. 69, p. 3).  At the hearing, however, Plaintiff testified that he submitted an emergency grievance on January 18, 2014 as to the additional count of retaliation and that he received a response (denying emergency treatment) on January 27, 2014.  Records provided by Defendants show that Plaintiff submitted emergency grievances on January 3, 2014, January 8, 2014, and January 23, 2014 – those records, however, do not explain the content of the grievances submitted (Doc. 56-5, p. 1).  The record also does not contain a copy of the January 18, 2014 grievance.  Plaintiff indicated that he may have filed a copy of that grievance in another case pending in this District; however, a review of Plaintiff's filings in that case do not reveal a copy of this grievance.[4]  This Court nonetheless finds that Plaintiff did submit an emergency grievance in January related to the retaliation claim in Count 3 and that he received a response deeming it to be a non-emergency.  This Court further finds,

---

[3] Plaintiff states that at the time of the grievance, other officers whom he is afraid to name also began harassing him.

[4] 3:14-cv-92-MJR-SCW, *Vance White v. Marc Hodge and Beth Treadway*.

based on the log of emergency grievances, that any such grievance was timely returned to Plaintiff.

CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.*

§504.830(d).  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d).  An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision.  *Id.*, § 504.850(a).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).  An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO.  If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken.  *Id.* §504.840.

Defendants argue that Plaintiff failed to wait for a response from his grievance officer, and subsequently failed to appeal that response, prior to filing suit.  While exhaustion is a precondition to suit, an inmate is required to exhaust only those administrative remedies available to him.  *See* 42 U.S.C. § 1997e(a).  The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

As to the August 4, 2013 grievance, this Court finds that the grievance process was rendered unavailable.  Plaintiff submitted a grievance to his counselor on August 4, 2013 in an attempt to informally resolve his complaints.  Plaintiff had not received a response by the time he filed his complaint on November 22, 2013, three and a half months later.  The regulations provide that an inmate must first attempt to resolve an issue informally; however, he must also file a grievance within 60 days of the complained of event if informal resolution is not satisfactory.  The regulations do not instruct an inmate on what to do if a counselor fails to

respond within 60 days (so that a formal grievance can be timely submitted).  Logic dictates, then, that a response from a counselor should be rendered prior to the expiration of 60 days.   By failing to timely respond to the grievance, the administrative remedies process was rendered unavailable.  *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (stating that prison officials cannot abuse the exhaustion requirement by indefinitely delaying a response to a grievance).[5]

Defendants nonetheless argue that when Plaintiff finally did receive a response on January 13, 2014, he should have appealed it to the grievance officer.  An inmate, however, is not required to appeal a grievance to which a response is not timely rendered.  *See e.g. Walker v Sheahan*, 526 F.3d 973, 979 (7th Cir. 2000); *See also Dole*, 438 F.3d at 810.

Finally Defendants argue that even if the August 4, 2013 grievance is sufficient to exhaust Plaintiff's claims against Bayler, it is insufficient as to Givens and Hodge.  The grievance does not mention Defendant Hodge or any actions taken subsequent to the alleged harassment on August 4, 2013.  Accordingly, it is insufficient to exhaust as to Hodge.  As to Givens, the grievance only states: "I later learned from a source who overheard the entire situation, a porter, who was out there at the time, the C/O Givens told C/O Baylor something, and he called me down for that reason" (Doc. 33, p. 5).  There is no further mention of Defendant Givens by name.  A grievance should contain "factual details regarding each aspect of the offender's complaint." ILL. ADMIN. CODE TIT. 20, § 504.810(b).   The primary purpose of a

---

[5] This Court finds unconvincing Defendants' arguments that Plaintiff's experience would have indicated to him that the grievance was not being indefinitely held.  Defendants argued that oftentimes the grievance process at the institution took 6 to 8 months; in this case, however, the process did not reach the grievance officer or the warden because of delay with the counselor. Defendants also argue that Plaintiff should have taken affirmative steps to insure that his grievance was considered.  No rule of law places such a burden on an inmate.

grievance is to give prison officials notice of the prisoner's problem and give them an opportunity to resolve it before a lawsuit is filed. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). While Plaintiff does not expound on his claim against Defendant Givens, the implication of the above quotation is that Defendant Givens told Defendant Bayler to call Plaintiff in order to sexually harass him. Plaintiff goes on to seek relief against Defendant Bayler, and "his affiliates" – presumably Defendant Givens. While the statement of a problem is not altogether clear, Plaintiff at least notified the prison that there was a problem with Defendant Givens – a message that appeared to have been received in light of the counselor's responses stating that Defendant Givens denies the allegations. The August 4, 2013 grievance thus exhausts Plaintiff's claim in Count 1 as to Defendants Givens and Bayler.

It is undisputed that Plaintiff submitted two emergency grievances related to his retaliation claims on November 11, 2013[6] and January 18, 2014. It is further undisputed that once he received responses, indicating that the grievances were deemed to be non-emergencies, Plaintiff took no further action. When an inmate submits an emergency grievance, the Warden "shall expedite processing of the grievance and respond to the offender, indicating what action shall or has been taken." ILL. ADMIN. CODE TIT. 20, § 504.840(b). Once an inmate receives a response, an inmate is required to follow the procedures outlined in § 504.850, which makes no distinction between responses to "regular" or emergency grievances. Thus, Plaintiff in this case was required to appeal the decision of the Warden as to his emergency grievances to the ARB. *See Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005); *See e.g. Bulmer v. Young*, 160 Fed.Appx. 524 (7th Cir. 2005). Plaintiff, admittedly, failed to appeal to the ARB because he

---

[6] This grievance also mentions that Defendant Hodge was made aware of the situation but failed to take any action.

mistakenly believed that once the Warden had responded, there was nothing further he needed to do.  Such a conclusion was mistaken.  Plaintiff's failure to appeal because of his own error does not render the process unavailable.  *See e.g. Dixon v. Page*, 291 F.3d 485, 488-489 (7th Cir. 2002); *Cannon v. Washington*, 418 F.2d 714, 718 (7th Cir. 2005) (per curiam).  Plaintiff failed to exhaust as to Defendant Hodge and Counts 2 and 3 alleging retaliation.

At the hearing, Plaintiff argued that because he submitted a complaint through the PREA hotline, he is excused from completing the grievance process.  The Prison Rape Elimination Act of 2003, 15 U.S.C. § 15601, *et seq*., was enacted for the purpose or reducing and eliminating the incidence of rape in prison.  PREA does not itself mandate any administrative remedies nor does it afford the Plaintiff any specific rights.  *See James v. Jackson*, 2015 WL 927074, *2 (N.D. Tex. 2015); *Amaker v. Fischer*, 2014 WL 8663246, *13 (W.D.N.Y. 2014) (collecting cases).  And, there is no section of the statute, nor any case authority, that would excuse an inmate from following the grievance process established by the State of Illinois and mandated by the PLRA.  *See e.g. Woodson v. Ngo*, 548 U.S. 81, 117-118 (Stevens, J. dissenting); *See also Porter v. Howard*, 531 Fed.Appx. 792, 793 (9th Cir. 2013) (finding no support for an argument that PREA excused the exhaustion requirement).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants on May 12, 2014 (Doc. 55) be **GRANTED IN PART AND DENIED IN PART**, that Defendant Hodge and Counts 2 and 3 be **DISMISSED WITHOUT PREJUDICE**, that the Clerk be **DIRECTED** to change the docket sheet to reflect to the true spelling of Defendants' names, and that the Court adopt the following findings of fact and conclusions of law.

Plaintiff should proceed on Count 1 of the Complaint only: an Eighth Amendment claim

against Defendants Bayler and Givens for subjecting him to sexual harassment.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 21, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**