IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANCE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1212-NJR-DGW |
| ) | |
| MARC HODGE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Objection filed by Plaintiff on September 29, 2016 (Doc. 124) and the response thereto filed by Defendants on October 13, 2016 (Doc. 126). The Court construes the Objection as a Motion to Reconsider the Order entered on September 9, 2016 (Doc. 122) and **GRANTS IN PART** the same.

On August 26, 2016, Defendants attempted to take the deposition of Plaintiff at his place of incarceration, the Metropolitan Correctional Center in Chicago, Illinois. After 45 minutes of questioning, Plaintiff refused to answer any further questions, in part because he believed that he did not get notice of the deposition. In the September 9 Order granting Defendants' Motion to Compel the deposition (Doc. 121), the Court assumed that Defendants had complied with Federal Rule of Civil Procedure 30(b) and properly noticed up the deposition. Thus, Plaintiff's refusal to participate in the deposition was without justification. Plaintiff was warned of the consequences of failing to cooperate.

It turns out that this assumption was incorrect and proper notice had not been given to Plaintiff (Doc. 126). As such, Plaintiff may have been entitled to file a Rule 30(d)(3)(A) motion that may have suspended the deposition while the motion was being considered. Thus, this Court

**VACATES** the September 9, 2016 Order (Doc. 122) to the extent that it was found that Plaintiff was in error and further **DENYS IN PART** Defendants' Motion to Compel (Doc. 121).

Defendants have informed the Court that they have properly noticed Plaintiff's deposition for October 28, 2016. There can be no prejudice to Plaintiff as to the timing of the deposition; and, to the extent that he claims that his constitutional or other rights were or will be violated, such remaining objections are wholly without merit and summarily denied. Federal Rule of Civil Procedure 30 permits the taking of a deposition and provides for only limited circumstances in which a deponent can refuse to answer. These circumstances include when it is "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FED.R.CIV.P. 30(c)(3). None of these circumstances are now present in this matter. Defendants are accordingly granted leave to re-depose Plaintiff and the discovery deadline is extended to **November 4, 2016** for this sole purpose. In addition, the dispositive motion filing deadline is extended to **December 1, 2016**. It is unlikely that these deadlines will be extended.

Plaintiff is **WARNED** that the failure to sit for and answer questions at his deposition **SHALL** result in sanctions including but not limited to monetary sanctions, the striking of his testimony and any affidavits used to support his claims, and/or dismissal of this matter with prejudice. FED.R.CIV.P. 30(d)(2), 37(b). Defendants are entitled to depose Plaintiff for a period of at least seven (7) hours and they are entitled to answers to their questions regardless of whether Plaintiff believes they are "one-sided."

**DATED: October 24, 2016**

*Donald Wilkerson*

    **DONALD G. WILKERSON**
    **United States Magistrate Judge**