IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VANCE WHITE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:13-cv-1212-NJR-DGW |
| MARC HODGE, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On October 24, 2016, this Court found that while there were irregularities in the noticing of Plaintiff's previous deposition, Defendants sufficiently complied with Federal Rule of Civil Procedure 30(b) for a deposition to occur on October 28, 2016 (Doc. 127). Plaintiff was directed to cooperate in the deposition and warned that the failure to participate and cooperate may result in sanctions. Plaintiff failed to cooperate and participate in the deposition and opted instead to file a motion that is wholly unrelated to the October 28, 2016 deposition and that provides wholly insufficient grounds and justification for Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Order of this Court.

On November 17, 2016, Plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 30(d)(3) and 37(a)(1) on 6 grounds: 1) that the deposition taken on August 26, 2016 (pursuant to an insufficient notice) be deemed "invalid"; 2) that Defendants' August 26, 2016 Motion to Compel (Doc. 121) should not have been granted; 3) that Plaintiff will be prejudiced by an extension of the discovery deadline (the deadline was extended to November 4, 2016); 4) that Defendants deceived the Court; 5) that Plaintiff was prevented from filing a Rule 30(d)(3) motion as to the August 26, 2016 deposition; and, 6) that Plaintiff's objection (Doc. 124) should have been

construed as an appeal to the District Judge (Doc. 128). In an affidavit attached to the Motion, Plaintiff further states that the undersigned is biased against him and that Defendants have been granted an unfair advantage in this litigation. A few days later, on November 29, 2016, Defendants filed a motion for sanctions based on Plaintiff's failure to answer questions at the October 28, 2017 deposition (Doc. 129). Only Plaintiff's motion is currently before the Court. The Motion is **GRANTED IN PART** only with respect to the striking of his August 28, 2016 deposition, and **DENIED IN PART** in all other respects.

Federal Rule of Civil Procedure 30 permits a party to take the deposition of any person, including a party; and, this Court's Scheduling Order permitted the deposition of Plaintiff who is incarcerated (Doc. 50). One of the requirements of taking a deposition is the notice requirement: a party must provide "reasonable written" notice to all parties in a litigation. FED.R.CIV.P. 30(b)(1). Neither the Federal Rules nor any Local Rules describe what would constitute reasonable notice. *See e.g. Odongo v. City of Indianapolis*, 2015 WL 1188769 (S.D. Ind. 2015) (noting that the Local Rules for the District Court for the Southern District of Indiana require 14 days advanced written notice). However, the reasonableness of notice is based on the individual circumstances of each case. *See Nieman v. Grange Mut. Ins. Co.*, 2012 WL 5471949, *2 (C.D. Ill. 2012). Without reasonable notice, a deposition cannot be used at trial. *See Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1067 (9th Cir. 2000). Plaintiff's August 26, 2016 was not taken with reasonable notice. Therefore, Plaintiff's request to hold invalid or void his August 26, 2016 deposition is **GRANTED** and the parties are instructed that they may not use that deposition for any purpose in this matter.

The remainder of Plaintiff's arguments, including the argument addressed above, would not warrant the suspension of his October 28, 2016 deposition pursuant to Rule 30(d). Rule

30(d)(3)(A) provides:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

From the transcript of the October 28th deposition, there is no indication that it was being conducted in bad faith or in a manner that would annoy, embarrass or oppress Plaintiff. Rather, Plaintiff merely believed that because the previous deposition was conducted without appropriate notice he was justified in refusing to answer questions. This belief is baffling in light of this Court's previous Order directed him to sit for and answer questions at the October 28 deposition, of which he was aware. As such, Plaintiff was not justified in suspending his October 28th deposition and has wasted both Defendants' and the Court's resources in failing to cooperate in discovery.

As to Plaintiff's particular arguments, he next states that the motion to compel should not have been granted. Defendants' motion to compel was not granted; in fact, it was denied in part as to the request that Plaintiff be barred from testifying at trial and that Plaintiff be compelled to sit for a deposition. Instead, Defendants, having informed the Court that they had re-noticed Plaintiff's deposition, were only granted additional time to take the newly noticed-up deposition. In any event, prior misconduct of a party, if that is how Defendants' actions can be characterized, does not give Plaintiff license to disobey an Order of this Court or act in a manner inconsistent with the Federal Rules.

Plaintiff's third argument is that he was prejudiced by the extension of the discovery deadline. Plaintiff offers no reason why he was prejudiced by the extension given to Defendants to conduct his deposition.

Plaintiff's fourth and fifth arguments merely rehash matters that have already been resolved and need no further comment.

Plaintiff's final argument is that his "objection" filed on September 29, 2016 should have been construed as an appeal to the District Judge pursuant to Federal Rule of Civil Procedure 72(a). The Court reiterates that regardless of the merits of this argument, it would not support Plaintiff's Rule 30(b) request for relief from the October 28th deposition.

Rule 72(a) provides that a party "may serve and file objections to the order within 14 days after being served with a copy." In this matter, this Court's Order was entered on September 9, 2016 (Doc. 122) but was not sent to Plaintiff until September 13, 2016. As such, his "objection" filed on September 20, 2016 was filed within 14 days (when 3 days are added for mailing). However, at no point in the objection did Plaintiff invoke Rule 72 nor did he indicate that he was appealing this Court's ruling to the District Court. In any event, because the District Court (and this Court) may review this Court's Orders *sua sponte*, any technical misstep in Plaintiff's motion should not prevent review at the District Court's discretion. Consideration of the objection, then, is left to the sound discretion of the District Court (Doc. 124). This Court's October 24, 2016 Order is **VACATED IN PART** only insofar as the Court construed the "objection" as a motion to reconsider. In all other respects, the Order remains as written.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Terminate Defendant's Deposition is **DENIED IN PART** (Doc. 128). **The Motion is only GRANTED IN PART as to the voiding of Plaintiff's August 26, 2016 deposition**. The October 24, 2016 Order (Doc. 127) is **VACATED IN PART** only to the limited extent that Plaintiff's "Objection" (Doc. 124) was construed as a motion to reconsider. Finally, this Court specifically finds that Plaintiff was wholly unjustified in failing to cooperate and answer questions at his October 28, 2016 deposition.

**DATED: April 17, 2017**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**