IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VANCE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1212-NJR-DGW |
| | ) | |
| MARC HODGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B),

Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on

the Motion for Sanctions filed by Defendants, Jeremy Givens and Dustin Baylor, on November 29,

2016 (Doc. 129). For the reasons set forth below, it is **RECOMMENDED** that the Motion be

**GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE** and that the Court

adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On October 6, 2016, Defendants issued a notice of deposition informing Plaintiff that his

deposition would take place on October 28, 2016 (Doc. 131, p. 3). Plaintiff received notice of the

deposition (Doc. 129-1, p. 1). On October 24, 2016, this Court issued an Order informing

Plaintiff of the consequences of failing to cooperate (Doc. 127). The Order was mailed to

Plaintiff that same day; however, Plaintiff may not have received it prior to the deposition.

Nonetheless, defense counsel read the pertinent portions of the Order to Plaintiff at his deposition

(Doc. 129-1, p. 1). Plaintiff refused[1] to answer questions at his deposition and suspended the same in anticipation of filing a Federal Rule of Civil Procedure 30(d)(3) motion (Doc. 129-1, p. 3).

On November 17, 2016, Plaintiff filed that motion pursuant to Rules 30(d)(3) and 37(a)(1) and articulated 6 grounds for relief:

1)  that the deposition taken on August 26, 2016 (pursuant to an insufficient notice) be deemed "invalid";

2)  that Defendants' August 26, 2016 Motion to Compel (Doc. 121) should not have been granted;

3)  that Plaintiff will be prejudiced by an extension of the discovery deadline (the deadline was extended to November 4, 2016);

4)  that Defendants deceived the Court;

5)  that Plaintiff was prevented from filing a Rule 30(d)(3) motion as to the August 26, 2016 deposition; and,

6)  that Plaintiff's objection (Doc. 124) should have been construed as an appeal to the District Judge.

(Doc. 128).

A few days later, on November 29, 2016, Defendants filed the pending motion for sanctions based on Plaintiff's failure to answer questions at the October 28, 2016 deposition (Doc. 129).

On April 17, 2017, this Court found that none of Plaintiff's arguments would warrant the suspension of his October 28, 2016 deposition pursuant to Rule 30(d) (Doc. 134). From the transcript of the October 28th deposition, there is no indication that it was being conducted in bad faith or in a manner that would annoy, embarrass or oppress Plaintiff. Rather, Plaintiff merely believed that because the previous deposition was conducted without appropriate notice he was justified in refusing to answer questions. This belief is baffling in light of this Court's previous

---

[1] Plaintiff makes much of the contention that he did not "refuse" to answer questions. Regardless of the word used, Plaintiff did not answer the substantive questions posed by defense counsel at his deposition.

Order directing him to sit for and answer questions at the October 28th deposition, of which he was aware. Plaintiff's Rule 30(d)(3) motion was not filed in good faith and is supported by neither the law nor the facts of this case. As such, Plaintiff was not justified in suspending his October 28th deposition and has wasted both Defendants' and the Court's resources in failing to cooperate in discovery.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 30 permits a party to take the deposition of any person, including a party, and this Court's Scheduling Order permitted the deposition of Plaintiff, who is incarcerated (Doc. 50). One of the requirements of taking a deposition is the notice requirement: a party must provide "reasonable written" notice to all parties in a litigation. FED.R.CIV.P. 30(b)(1). Neither the Federal Rules nor any Local Rules describe what would constitute reasonable notice. *See e.g. Odongo v. City of Indianapolis*, 2015 WL 1188769 (S.D. Ind. 2015) (noting that the Local Rules for the District Court for the Southern District of Indiana require 14 days advanced written notice). However, the reasonableness of notice is based on the individual circumstances of each case. *See Nieman v. Grange Mut. Ins. Co.*, 2012 WL 5471949, *2 (C.D. Ill. 2012). Without reasonable notice, a deposition cannot be used at trial. *See Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1067 (9th Cir. 2000). It is undisputed that Plaintiff received reasonable notice of the October 28th deposition.

During the deposition, Plaintiff did not answer questions and elected to suspend the deposition so that he could file a Rule 30(d)(3) motion. As indicated above, that motion was wholly without merit and would not justify suspending a duly noticed deposition. The transcript of the deposition does not reveal that it was being taken in bad faith or in a manner that would

unreasonably annoy, embarrass or oppress the Plaintiff (Doc. 129-1). Therefore, by the plain letter of the Federal Rules, Plaintiff was unjustified in suspending the deposition.

The Court may impose sanctions under Rule 30(d)(2) where a person "impedes, delays, or frustrate the fair examination of a deponent." Plaintiff indeed delayed and frustrated a fair examination and Defendants are accordingly entitled to appropriate sanctions that may include reasonable attorney's fee and expenses incurred as a result of Plaintiff's actions. And, Defendants are entitled to compel his deposition and seek sanctions.[2] Rule 37(a)(3)(B)(i) specifically provides for a motion to compel answers to deposition questions. The District Court enjoys broad discretion in resolving discovery disputes and imposing sanctions. *Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002). Plaintiff was given notice of his deposition; and, although he appeared, he failed to answer any questions. By failing to answer questions, Plaintiff has unnecessarily delayed these proceedings and increased the costs of litigation. Defendants are entitled to an order compelling Plaintiff's deposition and sanctions. *See* FED.R.CIV.P. 37(a)(5)(A).[3]

---

[2] In such circumstances, Rule 37(a) directs an opposing party to file a motion to compel with a certificate indicating that the parties have attempted to confer but have been unable to reach a resolution. No certification is attached to Defendants' motion; however, the Court finds that the Defendants attempted to confer at the deposition and resolve this issue prior to filing a motion. Plaintiff's failure to identify the specific reason why he was refusing to answer questions at his deposition displayed contumacious conduct that would have rendered further negotiations pointless. *See e.g. Houston v. C.G. Sec. Services, Inc.*, 820 F.3d 855, 858 (7th Cir. 2016).

[3] Defendants rely on Rule 37(b)(2)(A) for the source of sanctions. That section of Rule 37 would generally impose sanctions for failing to obey a Court Order. Defendants' reliance on that section is understandable in light of this Court's October 24, 2016 Order which stated that:

> Plaintiff is **WARNED** that the failure to sit for and answer questions at his deposition **SHALL** result in sanctions including but not limited to monetary sanctions, the striking of his testimony and any affidavits used to support his claims, and/or dismissal of this matter with prejudice. FED.R.CIV.P. 30(d)(2), 37(b). Defendants are entitled to depose Plaintiff for a period of at least seven (7)

For relief, Defendants seek either dismissal of this case or another opportunity to depose Plaintiff. Sanctions imposed pursuant to Rule 37 must be reasonable and just; however, the Court is not required to impose the least severe sanction available. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). Dismissal is considered a "harsh sanction and therefore its use should be limited." *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). In this matter, dismissal is not warranted in light of other sanctions that are available. Pursuant to Rule 37(a)(5)(A), Defendants are entitled to "reasonable expenses incurred in making the motion, including attorney's fee." None of the exceptions set forth in the Rule apply to this case. As set forth above, Plaintiff was not justified in suspending his deposition and an award of expenses would not be unjust. When Plaintiff elected to suspend his deposition and delay these proceedings, he elected to take an extreme step when other reasonable avenues were available. For example, he could have stated his objections on the record but nonetheless answer questions. *See* Fed.R.CIv.P. 30(c)(2). He also could have explained the grounds for his objections and made some attempt to resolve this discovery dispute prior to suspending his deposition. When asked to explain the grounds for termination, Plaintiff refused to answer and instead indicated that the grounds would be set forth in his motion (*Id*. 2). Such an action showed a willful failure to cooperate in the discovery process. Defendants are entitled to reasonable attorney's fees and costs pursuant to Rule 37(a)(5)(A).

---

hours and they are entitled to answers to their questions regardless of whether Plaintiff believes they are "one-sided."

At the time of Plaintiff's deposition, the October 24, 2016 Order was a standing order of the Court and entitled to compliance. The Order was later vacated in part after Defendants had filed their motion. As such, Defendants' motion should be construed as also seeking Rule 37(a) and 30(d) sanctions. Regardless of the particular Rule under which sanctions may be imposed, Defendants are entitled to depose Plaintiff and are entitled to the costs and expenses related to his deposition.

Defendants also are entitled to other appropriate sanctions in light of the posture of this case. Plaintiff's conduct displayed a willful lack of regard for the Order of this Court. Plaintiff was aware that on October 24, 2016, this Court directed him to sit for and answer questions at his October 28th deposition. Even if Plaintiff believed that the previous August 26, 2016 deposition was taken in a manner inconsistent with the Rules, he was without justification for failing to heed this Court's admonition that he must answer questions at the October 28th deposition. Plaintiff argues that he should be granted some leeway because of his *pro se* status. While *pro se* parties may be given leeway in the prosecution of cases in federal court, they are still required to follow the Federal Rules and the Orders of the Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). In his various filings, Plaintiff has demonstrated an awareness of the Federal Rules of Civil Procedures such that compliance with the same should be expected. A properly noticed deposition was scheduled and Plaintiff should have answered the questions posed.

For these reasons, Plaintiff also should be sanctioned with the cost of retaking his deposition. Such amount should include the attorney's fees, costs, and expenses of deposing Plaintiff at this current place of incarceration, the Federal Correctional Institution located in Oxford, Wisconsin.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Motion for Sanctions filed by Defendants, Jeremy Givens and Dustin Baylor, on November 29, 2016 (Doc. 129) be **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART** and that the Court adopt the foregoing findings of fact and conclusions of law.

This Court specifically recommends that:

1. The Motion be **GRANTED** to the extent that Defendants seek to compel the additional deposition of Plaintiff and that Plaintiff be Ordered to sit for another deposition related to

the claims in this case.

2. That Plaintiff be sanctioned in the amount of Defendants' reasonable attorney's fee and costs associated with the October 28th deposition and the Motion to Compel.

3. That Plaintiff be further sanctioned in an amount that would represent the attorney's fees, costs, and expenses of deposing Plaintiff in Wisconsin.

4. That Defendants be directed to submit a bill of costs for the foregoing fees, costs, and expenses (and anticipated fees, costs and expenses for Plaintiff's future deposition) for the Court's consideration within 15 days of the Court's Order on this Report and Recommendation.

5. That Plaintiff be granted thirty (30) days from any Order of the District Court directing payment on the bill of costs. Plaintiff should be warned that the failure to pay by the deadline shall result in dismissal of his lawsuit.

6. That this Report and Recommendation serve as the notice contemplated by Rule 37(a)(5).

7. That Defendants' Motion be **DENIED WITHOUT PREJUDICE IN PART** only to the extent that it seeks dismissal of this action.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 19, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**