IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANCE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-1212-NJR-DGW |
| | ) |
| C/O BAYLOR and C/O GIVENS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 136), which recommends granting in part and denying in part the motion for sanctions filed by Defendants Jeremy Givens and Dustin Baylor (Doc. 129).

Plaintiff Vance White, formerly an inmate in the Illinois Department of Corrections (currently in federal custody in Wisconsin), initiated this lawsuit pursuant to 42 U.S.C. § 1983 on November 22, 2013. White alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment in the form of sexual harassment by Defendants Baylor and Givens.

Despite the age of the case, White's deposition has yet to be taken. Defendants initially sought to depose White on August 26, 2016, but Defendants failed to comply with the notice requirements, and White terminated the deposition. Magistrate Judge Wilkerson entered an order on October 24, 2016, acknowledging that White did not receive proper notice of the deposition but finding that Defendants properly noticed

White's deposition for October 28, 2016 (Doc. 127). Defendants were granted leave to re-depose White, and the discovery deadline was extended to November 4, 2016, for this sole purpose. White again refused to go forward with the deposition. Defendants have now moved the Court to sanction White for his refusal to sit for his deposition despite a Court order to do so (Doc. 129).

On May 19, 2017, Magistrate Judge Wilkerson entered the Report and Recommendation currently before the Court. Magistrate Judge Wilkerson recommends granting Defendants' motion to the extent Defendants seek to compel White's deposition. Magistrate Judge Wilkerson also recommends sanctioning White in the amount of Defendants' reasonable attorneys' fees and costs associated with the October 28 deposition, preparation of the Motion to Compel, and the attorneys' fees, costs, and expenses of deposing White at his current facility in Wisconsin. Objections to the Report and Recommendation were due on or before June 5, 2017. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and **ADOPTS** the Report and Recommendation in its entirety.

Defendants' Motion for Sanctions (Doc. 129) is **GRANTED in part and DENIED in part**. Plaintiff Vance White is **ORDERED** to sit for another deposition related to his claims in this case. White is further **SANCTIONED** pursuant to Rule 37(a)(5)(A) and Rule 30(d) and **ORDERED** to pay the amount of Defendants' reasonable attorneys' fees and costs associated with the October 28th deposition, preparation of the Motion to Compel, and the reasonable attorneys' fees, costs, and expenses of deposing White in Wisconsin. Defendants are **DIRECTED** to submit a Bill of Costs for these fees and costs (and anticipated fees, costs, and expenses for White's future deposition) for the Court's consideration on or before **July 5, 2017**. White **SHALL** then pay the Bill of Costs within **30 days** of any order by the undersigned District Judge directing payment. **Failure to do so shall result in dismissal of this action.** Defendants' Motion for Sanctions is **DENIED without prejudice** to the extent it seeks dismissal of this case at this time.

IT IS SO ORDERED.

DATED: June 19, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**